IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLENN SMITH, HERMAN RICH, and SHABAZZ MUHAMMAD,** | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) Civil No. **03-152-JPG** |
| **TOM MAUE, et al.,** | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Herman Rich[1] is before the Court seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). **(Doc. 53).** Plaintiff argues that none of the defendants have disputed any of the material facts of the case; rather, some defendants have yet to be served with process, and those who have been served have only moved for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies.

Federal Rule of Civil Procedure 12(c) provides in pertinent part: *"After the pleadings are closed* but within such time as not to delay the trial, any party may move for judgment on the pleadings. "  **Fed.R.Civ.P. 12(c) (emphasis added).**

A review of the record reveals that when plaintiff filed the subject motion only defendants Maue, Spiller and Walls had entered the case.  Maue, Spiller and Walls have since been dismissed as defendants due to plaintiff's failure to exhaust administrative remedies.  **(Doc. 64).**  Therefore, plaintiff's motion is clearly moot relative to those three defendants.

---

[1] Glenn Smith is no longer a plaintiff. **(Doc. 9).** Shabazz Muhammad did not sign the motion, which was signed and filed by plaintiff Rich, who is not an attorney and who cannot act on behalf of co-plaintiff Muhammad.

Defendant Dr. Rice has never executed a waiver of service, and he has never been served with summons and the complaint.  There is also no indication Rice was ever served with a copy of the subject motion.  Therefore, plaintiff's motion must be denied with respect to defendant Rice.  (*See* **Fed.R.Civ.P. 4(c) and 5(a); and Docs. 45 and 49).**

Similarly, there is no indication plaintiff's motion was served on defendants McAdory, Gales and Doughty, who entered their appearance in this case by executing waivers of service *after* plaintiff filed his motion.  **(Docs. 59, 67 and 68).**  Consequently, plaintiff's motion should also be denied with respect to defendants Gales, McAdory and Doughty.  **(***See* **Fed.R.Civ.P. 4(d) and 5(a)).**

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that plaintiff's motion for judgment on the pleadings **(Doc. 53)** be denied in all respects.

**Submitted: August 9, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties have until **August 26, 2005**, to file their objections to this report and recommendation.