IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHABAZZ MUHAMMAD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-152-JPG** |
| | ) | |
| **TOM MAUE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Defendant Dr. Stephen Doughty is before the Court seeking clarification of his status as a defendant following remand from the Court of Appeals for the Seventh Circuit. **(Doc. 119).** Obviously, the Court must in some manner construe the appellate court's mandate to determine which claims and parties remain on remand. Whether a district court correctly construes an appellate decision is something only time and the appellate court can tell. In this action, Dr. Doughty's status can easily be discerned by reviewing the record, but out of an overabundance of caution the Court will **GRANT** the subject motion **(Doc. 119)** and take this opportunity to clarify the status of all defendants, as the Clerk of Court's docket sheet contains an inaccuracy.

The Court's threshold order delineated the claims as follows:

**COUNT 1:** Against defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue for Eighth Amendment conditions of confinement violation.

**COUNT 2:** Against defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue for state law negligence.

**COUNT 3:** Against defendants Dr. Dough[ty] and Dr. Rice for Eighth

1

Amendment failure to provide medical care violation **(Doc. 10)**. Thus, it may be observed that Dr. Doughty was only a defendant in Count 3, the Eighth Amendment claim regarding medical care.

Defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue were all granted summary judgment based on the Court's conclusion that plaintiff had failed to exhaust administrative remedies with respect to Count 1, the Eighth Amendment conditions of confinement claim. **(Docs. 64 and 98)**. Consequently, the Court ultimately declined to exercise supplemental jurisdiction over Count 2, a state law claim of negligence that mirrored Count 1, regarding the conditions of confinement.

Dr. Rice was dismissed from Count 3 – the medical claim– because he was never served with summons and complaint **(Doc. 93)**, thereby leaving Dr. Doughty as the sole defendant in Count 3. Dr. Doughty was granted summary judgment relative to Count 3, based on plaintiff's failure to exhaust administrative remedies. **(Doc. 98).**

Final Judgment was entered as to all defendants and all claims **(Doc. 99)**, and plaintiff subsequently appealed the Court's rulings regarding the exhaustion of administrative remedies. Thus, Dr. Rice's dismissal was never subject to review, as he was dismissed because he was never served with summons and the complaint.

The Court of Appeals for the Seventh Circuit affirmed the dismissal of the claim against Dr. Doughty in Count 3, based on plaintiff's failure to exhaust administrative remedies. **(Doc. 112).** However, the appellate court vacated and remanded the dismissal of Count 1, finding that the exhaustion requirement had been satisfied. **(Doc. 112).** Therefore, defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue must again defend

themselves relative to Count 1, the Eighth Amendment conditions of confinement claim. Similarly, Count 2, the supplemental pendent state claim for negligence regarding conditions of confinement was remanded. **(Doc. 112).** Accordingly, defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue must also defend against that claim on remand.

In summation, the following remain on remand:

**COUNT 1:** Against defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue for Eighth Amendment conditions of confinement violation.

**COUNT 2:** Against defendants Eugene McAdory, Jonathan Walls, B. Spiller, Robert Gales, and Tom Maue for state law negligence regarding conditions of confinement.

With all that said, the Court notes that the Clerk's docket sheet reflects that Dr. Rice is a defendant on remand, or at least that he has not been terminated as a defendant. Dr. Rice was dismissed as a defendant based on an issue that was not raised on appeal. **(*See* Doc. 93).** Therefore, his original dismissal remains in tact.

The Clerk of Court is hereby **DIRECTED** to have the record reflect that defendant Dr. Rice has been terminated as a defendant, pursuant to U.S. District Judge J. Phil Gilbert's order dated November 17, 2005.

**IT IS SO ORDERED.**

**DATED: June 8, 2007**

                                             s/ Clifford J. Proud
                                             **CLIFFORD J. PROUD**
                                             **UNITED STATES MAGISTRATE JUDGE**