IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GLENN SMITH, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **03-152-JPG** |
| | ) | |
| **TOM MAUE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendants Maue, Spiller, McAdory, Walls and Gales to respond to plaintiff's second request for production of documents and first set of interrogatories. **(Doc. 132).** Plaintiff further prays for $65.99 in costs and expenses related to the filing of the subject motion. The defendants' response generally stands by and reasserts their objections. **(Doc. 133).** Plaintiff replies that of the 109 documents provided, most are irrelevant to plaintiff's claims, and the Illinois Department of Corrections' retention policies should ensure documents all requested documents are still in existence. **(Doc. 134).**

As a preliminary matter, the Court must note that whether plaintiff finds the information produced by the defendants to be helpful or relevant to his case is irrelevant. The defendants merely produce what information is requested by plaintiff.

Interrogatory No. 1 seeks the names of all inmates housed on C-wing between July 2000 and March 2003, and those inmates' current locations. Defendants object to the relevancy of the request, noting that plaintiff did not reside on C-wing until December 30, 2002. In addition, defendants object that security concerns prohibit them from revealing inmates housing locations.

1

They have provided plaintiff with an Offender Tracking System print-out identifying inmates on C-wing during the time period plaintiff was housed on C-wing. Defendants' objections are well taken. By separate order the Court has ruled that the relevant time period is limited to when plaintiff Muhammad was housed on C-wing. Therefore, plaintiff's motion to compel is denied with respect to Interrogatory No. 1.

Interrogatory No. 2 pertains to safety and sanitation inspections, internal audits, major violation standards, safety and sanitation procedures, monthly and weekly safety and sanitation reports, and information regarding rodent problems. The defendants object again that the only relevant time period is from December 30, 2002, until February 25, 2003. Again, the Court finds that the time period prior to when plaintiff was housed on C-wing is irrelevant; defendants need only produce information regarding the period plaintiff was housed on C-wing. The defendants' obligation to search for and turnover all such documents in their custody or control is ongoing, as is their duty to supplement their interrogatory answers. *See* **Fed.R.Civ.P. 26(e).** However, if information or documents no longer exist, absent some showing that to the contrary, plaintiff and the Court must accept that all of the requested information and documents have been produced. Therefore, plaintiff's motion to compel is denied with respect to Interrogatory No. 2.

Interrogatory No. 3 pertains to semi-annual internal audits, inspection procedures and inspection logs. Again, the defendants' objection that their response be limited to the time period plaintiff was housed on C-wing is well taken. Absent any substantiated allegation that the defendants are withholding information and/or documents, the Court considers the defendants to have complied with this discovery request. Plaintiff's motion to compel is denied with respect to Interrogatory No. 3.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 132)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: March 10, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
