IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHABAZZ MUHAMMAD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | Civil No. **03-152-JPG** |
| | ) | |
| **TOM MAUE, et al.,** | ) | |
| | ) | |
| Defendants | ) | |

# REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Defendants Thomas Maue, Martin Spiller, Eugene McAdory, Jonathan Walls, and Robert Gales are before the Court seeking summary judgment in accordance with Federal Rule of Civil Procedure 56. **(Doc. 139).** Pursuant to 28 U.S.C. §§636(b)(1)(B) and (C), this court makes the following Report and Recommendation.

The above-captioned civil rights case was filed by Schabazz Muhammad, who at all relevant times was incarcerated at Menard Correctional Center. **(Doc. 1).** Plaintiff alleges that the disciplinary segregation unit (C-Wing) at Menard is unsanitary, and that as a result he was bitten by a mouse. The complaint contains an Eighth Amendment "conditions of confinement" claim (Count 1), and a parallel state law negligence claim (Count 2). (*See* **Docs. 10 and 112).**

The defendants have divided their motion for summary judgment into six separate arguments **(Docs. 139 and 140)**, each of which will be addressed in turn. Plaintiff has not filed a response.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P.56(c);** *see Celotex Corp v. Catrett,* **477 U.S. 317 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson,* **477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586(1986)).** "[S]ummary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." *Morgan v. Harris Trust and Savings Bank,* **867 F.2d**

1023, 1026 (7th Cir. 1989).

## Analysis

### 1. Count 1

#### A. Deliberate Indifference and Causation

Defendants argue that plaintiff is unable to prove: (1) that defendants were deliberately indifferent to plaintiff's health and safety; and (2) causation for plaintiff's alleged injuries.

The conditions of an inmate's confinement may constitute cruel and unusual punishment in violation of the Eighth Amendment, which applies to the States through the Fourteenth Amendment. *See Wilson v. Seiter*, **501 U.S. 294 (1991).** In order to establish that a condition of confinement violates the Eighth Amendment, a two part test must be satisfied. First an objective determination must be made that the conditions the inmate was required to endure exceeded contemporary bounds of decency; second, a subjective determination must be made that the officials acted with a sufficiently culpable state of mind. *See Wilson*, **502 U.S. at 398**; *see also Lunsford v. Bennett*, **17 F.ed 1574, 1579 (7th Cir. 1994).** Put another way, an inmate must be deprived of the "minimal civilized measure of life's necessities" *Rhodes v. Chapman*, **452 U.S. 337, 347 (1981)**, and the prison officials must have acted "wantonly," meaning that they acted with deliberate indifference *Lunsford*, **17 F.3d at 1579**.

Thus, as *Rhodes* explains, it is those prison conditions which involve wanton and unnecessary infliction of pain, totally without penological justification, which offend the Constitution. *Rhodes*, **452 U.S. at 346.** This is a difficult standard to satisfy; prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's

3

prohibition against cruel and unusual punishment. *Farmer v. Brennan*, **511 U.S. 825, 833-34 (1994);** *Dixon v. Godinez*, **114 F.3d 649, 642 (7th Cir. 1997).** Furthermore, mere negligence does not satisfy the deliberate indifference standard. Rather, a plaintiff must demonstrate "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, **959 F.2d 673, 677 (7th Cir. 1992).** However, requests for relief which have fallen on deaf ears *may* evidence deliberate indifference. *Dixon*, **114 F.3d at 645**.

The defendants note that the Constitution does not mandate comfortable prisons (*Hudson v. McMillian* **503 US 1, 9 (1992)),** and point out that prisons are not required to provide "the amenities, conveniences and services of a good hotel." (*Harris v. Felming*, **839 F.2d 1232, 1235 (7th Cir. 1988)).** The complaint describes North II C-wing as being splattered with trash, blood, feces, tobacco spit, and beverages, as well as being a breeding ground for bugs and rodents. **(Doc. 1).** If the plaintiff can prove his allegations, he presents a setting quite different from that of a good hotel or even a comfortable prison. *See Jackson v. Duckworth*, **955 F.2d 21, 22 (7th Cir. 1992) (filthy cell and dirty bedding presented a triable issue).**

Relative to causation, the medical evidence provided by the defendants notes the *possibility* that the plaintiff was bitten by a mouse. At this juncture, the evidence is construed in the light most favorable to plaintiff, the nonmoving party, and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** It appears possible that the plaintiff could demonstrate that the unsavory conditions in which he lived led to his physical harm.

Therefore, the defendants' arguments regarding deliberate indifference and

4

causation fail to merit summary judgment.

### B. Personal Involvement

Liability under 42 U.S.C. § 1983 requires the direct, personal responsibility of the defendants for those acts or omissions claimed to have violated plaintiff's constitutional rights. ***Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).** A defendant must act (or fail to act) with a deliberate or reckless disregard of the plaintiff's constitutional rights, or must direct or knowingly consent to the conduct alleged to constitute the violation. ***Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).** "Section 1983 will not support a claim based on a respondeat superior theory of liability." ***Polk County v. Dodson*, 454 US 312, 325 (1981).** A supervisory official can be liable only for his own misconduct, not that of those under his supervision. ***Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985).** Thus, a supervisory official must be personally involved in the alleged conduct to be liable. ***Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).** Furthermore, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." ***Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974);** *see also* ***Black Lance*, 22 F.3d 1395, 1401 n.8 (7th Cir. 2004); *and Collins v. Kilbort*, 143 F.3d 331, 334 (7th Cir. 1998).**

According to the complaint, plaintiff moved into North II C-wing on December 30, 2002. **(Doc. 1).** Defendant Spiller began working as Unit Superintendent on September 1, 2001, and worked in that role until November 24, 2002. **(Exhibit B, response 4.)** Defendant Gales was assigned to North II on April 16, 2002 and continued

to work there until November 31, 2002. **(Exhibit C, response 3).** Thus, the evidence shows that defendants Spiller and Gales were <u>not</u> working in North II during the period in which the alleged constitutional violations took place. Plaintiff offers no contrary evidence. Therefore, defendants Spiller and Gales' motion for summary judgment should be granted as to Count 1, due to their lack of personal involvement.

Defendant Walls was the warden of Menard Correctional Center from August 1, 2001, through December 31, 2002. He left Menard just one day after the plaintiff was moved into North II C-wing. **(Exhibit D, response 5).** Therefore, for at least one day Walls was responsible for the conditions of North II C-wing where the plaintiff was housed.

Plaintiff was allegedly bitten on January 14, 2003. **(Doc. 1).** Although defendant Walls was no longer the warden at that time, his prior actions as warden *could* have conceivably led to the conditions which generated the rodent infestation, that in turn led to the plaintiff being bitten on January 14, 2003. Again, at this juncture, the evidence is construed in the light most favorable to plaintiff, the nonmoving party, and all justifiable inferences are drawn in favor of that party. ***See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).** For these reasons, defendant Walls should not be granted summary judgment based on his argument regarding personal involvement.

### C. Qualified Immunity

Relative to Count 1, the defendants argue that plaintiff has not demonstrated that their actions constitute a violation of a constitutional right that was clearly established at the time of the misconduct. ***See McGrath c. Gillis*, 44 F.3d 567, 569 (7th Cir. 1995).** "[G]overnment officials performing discretionary functions generally are shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).**

*Some* conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets. **Wilson v. Seiter, 501 U.S. 294, 304 (1991).** Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. **(*Id.* at 305)**. However, in this case the complaint raises issues with more specificity than simply complaining of the "general conditions of confinement. At this juncture it is unclear whether any of the conduct or conditions in question will arise to the level required to constitute a constitutional deprivation. Therefore, granting summary judgment based on qualified immunity would be inappropriate at this time.

### 2. Count 2

#### A. The Illinois Court of Claims

In Count 2 of the complaint, plaintiff asserts a negligence claim against all of the defendants under Illinois law. **(Doc. 1).** Tort claims arising out of a state employee's breach of a duty that is imposed on him solely by virtue of his state employment may only be brought in the Illinois Court of Claims. **Turner v. Miller, 301 F.3d 599, 602 (7th Cir. 2002).** Therefore, the defendants correctly assert that Count 2 can only be brought in the Illinois Court of Claims. Accordingly, the defendant's motion for summary

judgment as to Count 2 should be granted, without prejudice to plaintiff pursuing that claim in the Illinois Court of Claims.

### B. Public Official Immunity

Having concluded that jurisdiction over the state law claims raised in Count 2 lies in the Illinois Court of Claims, the issue of "public official immunity" is moot. In the event the defendants are not granted summary judgment on that basis, the following analysis is offered regarding their argument that they are entitled to "public official immunity" on Count 2.

In Illinois courts, public officers are immune from personal liability for the performance of discretionary duties. ***Mora v. State of Illinois*, 369 N.E.2d 868, 873 (Ill. 1977)**. The common law doctrine of public officials' immunity dictates that public officials are immune from personal liability for their performance of discretionary duties. The doctrine is premised upon the principle that a public decisionmaker should not be subject to personal liability where he makes a decision based on his perception of the public needs. ***Currie v. Lao*, 592 N.E.2d 977, 983 (Ill. 1992).** It is well-settled that, pursuant to the doctrine of public official immunity, state officials and employees are fully protected from liability for acts falling within their official discretion. ***Midamerica Trust Company v. Moffatt*, 511 N.E.2d 964, 966 (Ill. App.5th Dist. 1987).** The only conduct to which the immunity does not extend is that based on corrupt or malicious motives. **(*Id*. at 969).**

Counts 1 and 2 are based on the same factual allegations. Count 1 alleges deliberate indifference; Count 2 alleges negligence. Thus, malicious motives are not at issue in Count 2. Consequently, all three defendants are entitled to summary judgment

8

on Count 2, in that they are entitled to "public official immunity" under Illinois law.

### 3. Injunctive Relief

The complaint seeks "1.) A Declaration that plaintiff's rights were violated under the Const. Of the United States and under the laws of the State of Illinois. 2.) An order granting injunctive relief deemed appropriate by a fact finder." **(Doc 1.)**

A court's power to grant injunctive relief is limited. *Al-Alamin v. Gramley*, 926 F.2d 680 (7th Cir. 1991). The Court must first find that a constitutional violation exists. *Id*. at 685. "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Id.* In addition, the Eleventh Amendment prevents the federal courts from imposing retrospective injunctive relief. *Green v. Mansour,* 474 U.S. 64, 68-69 (1985).

Plaintiff is no longer being held in North II C-wing. In fact plaintiff is not housed at Menard Correction Center at all; he was moved to Tamms Correctional Center on July 5, 2005. **(Doc 140-2, Ex. A, p. 2).** It is pure speculation plaintiff will return to Menard and be placed in North II C- wing again. Furthermore, there has been no evidence presented to demonstrate that any of the named defendants currently work at Menard Correctional Center, or have any potential for returning in the future. Therefore, plaintiff's request for injunctive relief is moot and the defendant's motion for summary judgment should be granted with respect to the prayer for injunctive relief.

### RECOMMENDATION

For the aforestated reasons defendants Thomas Maue, Martin Spiller, Eugene McAdory, Johanthon Walls and Robert Gales' motion for summary judgment **(Doc. 139)** should be granted in part and denied in part. More specifically;

1. Defendants Spiller and Gales should be granted summary judgment on Count 1, due to their lack of personal involvement;

2. All five defendants should be granted summary judgment as to Count 2, without prejudice to plaintiff pursuing that claim in the Illinois Court of Claims;

3. In the event the Court finds it has jurisdiction over Count 2, all five defendants are entitled to summary judgment on that claim, as they are entitled to "public official immunity;" and

4. All five defendants are entitled to summary judgment insofar as plaintiff's prayer for injunctive relief is moot.

In the event this report and recommendation is adopted in full, only Count 1 would remain, and only as to defendants Maue, McAdory and Walls.

If this report and recommendation is adopted in full only the Count 1 claims against defendants Maue, McAndory and Walls will proceed to trial. The issue of qualified immunity would also remain.

**DATED: July 23, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 8, 2008**.