UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN RICH and SHABAZZ MUHAMMAD,

    Plaintiffs,

    v.

TOM MAUE, et al.,

    Defendants.

Case No. 03-cv-152-JPG

# MEMORANDUM AND ORDER

**I.    Objection to Magistrate Judge Order (Doc. 158)**

This matter comes before the Court on the objection (Doc. 158) of plaintiff Shabazz Muhammad to Magistrate Judge Clifford J. Proud's July 10, 2008, order (Doc. 153) denying Muhammad's motion for reconsideration (Doc. 151) of several of Magistrate Judge Proud's March 10, 2008, orders (Docs. 148 & 150) denying Muhammad's request for an order directing prison officials to let him correspond with other prisoners (some at Tamms Correctional Center, where Muhammad is housed, and some at other IDOC institutions) in order to obtain affidavits and other evidence in this case or, in the alternative, for appointment of counsel (Doc. 129)

    A.    Background

Magistrate Judge Proud denied two motions from Muhammad because he had not substantiated his efforts to communicate with eight witnesses in his case, no party had submitted the applicable prison policy relied on by the defendants to prohibit such communication, and the Court simply had not had enough information to justify the order Muhammad requested (Docs. 148 & 150).

Muhammad asked Magistrate Judge Proud to reconsider his rulings (Doc. 151), pointing

out that he had asked the prison's law library clerk in August 2007 how to forward affidavits to other inmates for them to copy and sign. The law library clerk had responded that Muhammad could not send witnesses affidavits and that the witnesses would have to prepare their own affidavits and submit them to the Court themselves. Muhammad further submitted an affidavit in which he stated he has tried unsuccessfully to obtain the applicable policy statement.

Magistrate Judge Proud denied Muhammad's motion to reconsider (Doc. 153) because Muhammad had not shown he was unable to follow the procedure outlined by the law library clerk, that is, that he was unable to communicate with witnesses to request that they prepare and submit the appropriate affidavits. Magistrate Judge Proud further found that absent a showing that Muhammad could not use the specified procedure to obtain affidavits, appointment of counsel was not warranted.

Muhammad now objects to Magistrate Judge Proud's order. In his objection, he states that he simply has no method to contact other inmates. He is unable to write to them and has no physical contact with them.

B. <u>Analysis</u>

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge Proud's order is not clearly erroneous or contrary to law. Muhammad has not invoked the proper procedure for obtaining permission, short of a court order, to communicate with other inmates. Muhammad may seek the warden's permission to

communicate with inmate witnesses for the purpose of obtaining legal documents. *See* 20 Ill. Admin. Code §§ 430.30 & 525.120(b). There is no indication he has sought permission from the appropriate wardens to communicate with witnesses at Tamms and other IDOC facilities,[1] and until he makes such a request and is refused, the Court will not interfere. For this reason, the Court **OVERRULES** Muhammad's objection (Doc. 158) and **AFFIRMS** Magistrate Judge Proud's order (Doc. 153). Muhammad may reapply to the Court if the appropriate wardens refuse him permission to communicate with inmates for the purposes of obtaining legal documents.

## II.     Objection to Report and Recommendation (Doc. 160)

The Court also considers Muhammad's objection (Doc. 160) to Magistrate Judge Proud's Report and Recommendation ("Report") (Doc. 156) recommending that the Court grant in part and deny in part the defendants' motion for summary judgment (Doc. 139). Muhammad claims that he never received the motion for summary judgment, its supporting memorandum and the warning about the failure to respond to the motion. He says this is why he did not respond to the motion.

The Court is mindful that Muhammad has faithfully responded on most, if not all, occasions where he had an opportunity to do so in this case. It is indeed uncharacteristic for Muhammad to fail to respond to such a significant motion. Furthermore, the Court is mindful that items can and do get lost in the mail. For these reasons, the Court will allow Muhammad an opportunity to respond to the summary judgment motion, and the Court will consider that

---

[1] For communications within Tamms, Muhammad must have the approval of the warden at Tamms. For communications with inmates housed at other IDOC facilities, Muhammad must have the approval of the warden at Tamms and the warden at the facility where the other inmate is housed.

response in reviewing the Report. The Court **ORDERS** that Muhammad shall have up to and including September 26, 2008, to respond to the defendants' summary judgment motion and that the defendants shall have up to and including October 10, 2008, to reply to that response. The Court further **DIRECTS** the Clerk of Court to send Muhammad a copy of the summary judgment motion (Doc. 139), the memorandum in support (Doc. 140) and the notice of the consequences of failing to respond to the motion (Doc. 141) along with this order.

**IT IS SO ORDERED.**
**DATED:  August 20, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**